UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

QUEEN MARLENE JOYCE TAYLOR, )
       Plaintiff, )
        )
v. )    Civil Action No. 3:25CV288 (RCY)
        )
THERESA R. TAYLOR, *et al.*, )
       Defendants. )
        )

**MEMORANDUM ORDER**

On April 15, 2025, Plaintiff Queen Marlene Joyce Taylor ("Plaintiff"), appearing *pro se*, filed a Motion to Proceed *in forma pauperis* ("IFP Motion"),[1] along with a proposed Complaint. IFP Mot., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Motion, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Motion, ECF No. 1, is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally,

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Motion."

the Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure]12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff's Complaint is difficult to follow. As best the Court can discern, Plaintiff is pursuing this action to recover "stolen Royal Birthrights" from both the state and federal government. Compl. 3. However, Plaintiff names as Defendants four individuals, rather than any governmental entities. *Id.* at 2. Later in the Complaint, where Plaintiff states her damages and relief sought, Plaintiff vaguely alleges identify theft, fraud, and stolen property. *Id.* at 4. It is unclear to the Court which of the four named Defendants are liable for this conduct, if at all.

## II. LACK OF JURISDICTION

The Court finds that Plaintiff has failed to plead facts giving rise to this Court's subject matter jurisdiction, and therefore, the Complaint must be dismissed.

Plaintiff's Complaint asserts that this Court has jurisdiction based on both federal question and diversity of citizenship. Compl. 3. However, the basis for federal question jurisdiction provided by Plaintiff—the Virginia Constitution and Declaration of Independence—are not a proper basis for federal question jurisdiction. *Id.* Nowhere else in the Complaint does Plaintiff identify any specific federal statutes or Constitutional provisions which would establish federal question jurisdiction. *See* 28 U.S.C. § 1331. Though Plaintiff provides that the Court also has jurisdiction based on diversity of citizenship, the Complaint establishes that Plaintiff and all four

named Defendants reside in Virginia. *Id.* at 2. Thus, diversity jurisdiction cannot be established. *See* 28 U.S.C. § 1332. Despite its best efforts to understand Plaintiff's filing, this Court finds that the Complaint—even when liberally construed—fails to articulate any facts or law from which this Court could discern any valid cause of action, or upon which this Court's jurisdiction may be predicated.

Because the facts in the Complaint fail to establish grounds for any federal claim or other basis for jurisdiction, the Court must dismiss the Complaint. *See Joyner v. Prince William Cnty. Circuit Court*, 2023 U.S. Dist. LEXIS 41010, at *5 (E.D. Va. March 10, 2023) ("While the Court must construe *pro se* complaints liberally, '[p]rinciples requiring generous construction of pro se complaints are not . . . without limits.' Plaintiff bears the burden to establish federal jurisdiction over [her] claims." (internal citations omitted) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). Moreover, because more fulsome pleading could not cure this defect, amendment would be futile and thus the Court does not grant leave to amend. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, is **GRANTED** and the Clerk is **DIRECTED** to file the Complaint (ECF No. 1-1). However, given the Court's holding that it is without subject matter jurisdiction over the controversy, this action is hereby **DISMISSED** without prejudice.

An appropriate Final Order will accompany this Memorandum Order.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 24, 2025
Richmond, Virginia